

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2009

# USA v. Joseph Zemba

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1939

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Joseph Zemba" (2009). *2009 Decisions.* Paper 782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-271          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1939
_____

UNITED STATES OF AMERICA

v.

JOSEPH DAVID ZEMBA,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 01-cr-00075)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2009

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 25, 2009 )

_____

OPINION
_____

PER CURIAM

Joseph Zemba, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Western District of Pennsylvania dismissing his petition for a writ of audita querela. We will affirm the District Court's order.

In 2001, Zemba was convicted of possession of a firearm by a convicted felon. The sentencing court determined that Zemba was an armed career criminal subject to the enhanced penalty provisions of 18 U.S.C. § 924(e). Zemba was sentenced to a term of 293 months in prison. In 2003, we affirmed the judgment of conviction, and the United States Supreme Court denied Zemba's petition for a writ of certiorari. In 2007, the District Court denied Zemba's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Zemba then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Zemba argued that his sentence is invalid under Shepard v. United States, 544 U.S. 13 (2005), which limited the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence. In a supplemental filing, Zemba challenged his sentence on Second Amendment grounds. The District Court dismissed Zemba's petition, and this appeal followed.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. While the

2

writ of audita querela has been abolished in civil cases, see Fed. R. Civ. P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). See also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Zemba may not seek relief via a petition for a writ of audita querela because his claims are cognizable under § 2255. There is no gap to fill in the post-conviction remedies.[1] Zemba may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. See Valdez-Pacheco, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the

---

[1]In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). See also In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). This is not the case here.

3

common law writs."). See also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).[2]

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order.

---

[2] Kessack v. United States, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), an unpublished decision relied upon by Zemba, is not persuasive. As noted by the District Court, although Kessack suggests that the writ of audita querela may fill a gap in § 2255 where a case does not apply retroactively on collateral review, the retroactivity of the rule relied upon by a prisoner is one of § 2255's valid gatekeeping requirements. We also note that Kessack presented equal protection considerations not present here.